989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stacy Ray SHELBY, Plaintiff-Appellant,
v.
Edward McNAMARA; Melvin E. Turner; Peter R. Wilson;
Robert Ficano, Defendants-Appellees.
 No. 92-2085.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before BOGGS and BATCHELDER, Circuit Judges, and MANOS, District Judge*.
 
 ORDER
 
 2
 Stacy Ray Shelby, a pro se federal prisoner, appeals from the granting of summary judgment for defendants on Shelby's four complaints filed pursuant to 42 U.S.C. § 1983. These cases have been consolidated for appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Shelby, who is being held for extradition based upon alleged criminal conduct in Canada, alleges violation of his Eighth Amendment rights. First, he claims that he is a civil prisoner who is being unconstitutionally incarcerated with criminal prisoners. Second, Shelby alleges that from the month of October 1991 until late November 1991, he was on a prison ward that was without heat.
 
 
 4
 The district court ordered the defendants to file a Fed.R.Civ.P. 56 motion, and specifically cited Rule 56(e). The court also ordered that Shelby respond to that motion. Defendants' motion for summary judgment was duly filed and granted despite Shelby's response.
 
 
 5
 The standard of review is de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper where the moving party shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 An Eighth Amendment prison claim based upon conditions of confinement has two components. The "objective" component asks whether the deprivation was sufficiently serious. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). The "subjective" component asks whether the officials acted with a sufficiently culpable state of mind. Id. Shelby's burden was to demonstrate that there was a genuine issue of material fact as to both of these components. Fed.R.Civ.P. 56(c). Upon review, we are satisfied that Shelby did not create a genuine issue of material fact as to either component, and that summary judgment for defendants was proper.
 
 
 7
 As to Shelby's alleged unconstitutional incarceration, we agree with the district court that no constitutional violation is presented, and we adopt the reasoning of the district court.
 
 
 8
 Accordingly, the judgment of the district court is affirmed, and Shelby's motion for appointment of counsel is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John F. Manos, U.S. District Judge for the Northern District of Ohio, sitting by designation